

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00053-CR

THOMAS DOUGLAS BENNETT                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty and his pleas of true to the enhancement counts, a jury convicted Appellant Thomas Douglas Bennett of burglary of a habitation and assessed his punishment at life imprisonment. The trial court sentenced him accordingly. In his sole point, Appellant contends that the trial court reversibly erred and abused its discretion by denying his motion for new trial and motion in

---

[1]*See* Tex. R. App. P. 47.4.

arrest of judgment. Because the trial court committed no reversible error, we affirm the trial court's judgment.

The jury heard testimony at trial that after burglarizing the complainant's home, Appellant led police on a prolonged, high-speed vehicle chase (traveling around sixty miles per hour) through various residential neighborhoods and a cemetery, striking a brick wall and finally striking the corner of a home, causing major damage to the vehicle and the home, including breaking a gas line. Officers found many of the stolen items from the burglary in the stolen vehicle. The chase was captured on video, and the video was admitted into evidence. Appellant filed a motion for new trial, a supplemental motion for new trial, and a motion in arrest of judgment, alleging newly discovered evidence. The motions were presented and heard and denied by written order.

Although Appellant does not inform us of the nature of this newly discovered evidence, he does cite us generally to his motions. From our review of those motions, the newly discovered evidence appears to include in part the facts that Appellant's blood alcohol level at the time of his arrest was three times the legal limit; he was driving a stolen pickup that struck a flagpole, a stop sign, and a telephone pole and damaged a sprinkler system at a school on Chapin Road in West Fort Worth; and he was wearing an ankle monitor when he was arrested.

Appellant argues that the newly discovered evidence includes evidence that the chase was not actually a high-speed chase. He argues that this fact is

2

newly discovered evidence and cannot be said not to have contributed to the punishment imposed.

The State's brief provides additional information. The State refers to an e-mail mentioned during the hearing on the motion for new trial and in arrest of judgment. Although that e-mail was not admitted into evidence and is not in the reporter's record, it does appear in the clerk's record. The e-mail refers to an offense report written by Sergeant Peel. Even though the e-mail points out that the State believes Sergeant Peel did not witness the chase, it nevertheless provides the following quotation from Sergeant Peel's report: "The [p]ursuit speeds were not at the point of endangering the public and the top speed is believed to be approximately 60 mph." Appellant's argument, as we understand it, is that this statement by Peel is newly discovered evidence that would impeach testimony of a high-speed chase.

The State points out that at the motion for new trial hearing, the State introduced a copy of the Fort Worth Police Department's offense report containing the quoted statement. The State asks this court to notice that the State provided this information to Appellant's counsel approximately a month before trial. The State also points out that, by way of stipulation at the motion for new trial hearing, the parties agreed that this offense report was provided to defense counsel about a month before trial.

We understand, then, that Appellant's newly discovered evidence that is the subject of the present appeal is evidence contained in Sergeant Peel's report regarding the speed of the chase.

To establish an abuse of discretion in the failure to grant a new trial based on newly discovered evidence, an appellant must satisfy a four-prong test. He must show that (1) the evidence was unknown to him before trial; (2) his failure to discover the evidence was not due to a lack of diligence; (3) the evidence is competent, not merely cumulative, corroborative, collateral, or impeaching; and (4) the materiality of the evidence will probably bring about a different result upon a new trial.[2] If an appellant fails to establish any one of these elements, the trial court does not abuse its discretion by denying the motion for new trial.[3]

Appellant stipulated during the hearing on the motion for new trial that he had been given a copy of the Fort Worth Police Department's offense report approximately a month before trial. Appellant nevertheless argues that the newly discovered evidence regarding speed "could have impeached a State's witness over the nature of the chase" and "could have been used to impeach the credibility of Officer [Gray]." Appellant explains that because the jury had no reason to disbelieve the evidence regarding the nature of the chase, it cannot be said "that that fact did not contribute to the punishment imposed."

---

[2]*Keeter v. State,* 74 S.W.3d 31, 36–37 (Tex. Crim. App. 2002).

[3]*Delamora v. State,* 128 S.W.3d 344, 354 (Tex. App.—Austin 2004, pet. ref'd).

But the jury viewed the videotaped chase during trial. The jury therefore could reach its own conclusions regarding the nature of that chase. Further, the alleged newly discovered evidence was merely for impeachment. Additionally, the evidence shows that Appellant had an extensive criminal history, including thirteen felony convictions of burglary of a habitation and theft and prior misdemeanor prosecutions involving theft and DWI. The evidence also reveals that Appellant had stolen the pickup he used for the burglary and that he had pointed a shotgun in the complainant's direction. Finally, Appellant's parole officer testified that within twenty-four hours of Appellant's release from an intermediate sanction facility, the police had notified him that Appellant was involved in committing the burglary at bar.

Applying the appropriate standard of review, we cannot say the trial court abused its discretion by denying Appellant's motion for new trial or motion in arrest of judgment. We overrule Appellant's sole point on appeal and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 2, 2012